BL

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Cardenas, | No. CV 05-1405-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Mario Cardenas, presently confined in the Maricopa Unit of the Arizona State Prison Complex in Douglas, Arizona, has filed a *pro se* Civil Rights Complaint by a Prisoner pursuant to 42 U.S.C. § 1983. The Court will denied leave to proceed *in forma pauperis* without prejudice and dismiss the action as duplicative.

**A.    Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**B.     Procedural History and Complaint.**

Plaintiff names as a defendant Joseph Arpaio, Sheriff of Maricopa County, and notes that he filed a prior lawsuit raising the same claims as in the instant action. Plaintiff states that the prior suit was incorrectly filed and he has not received a response. However, on September 15, 2005, this Court issued an order on the prior suit, Cardenas v. Maricopa County Sheriff's Office, CV 04-2661-PHX-JAT (JMM) ordering the Plaintiff to either pay the $150.00 filing fee[1] or properly apply for *in forma pauperis*. Thus, the instant suit is identical to the prior pending suit.

**C.     Duplicative Action Must Be Dismissed.**

An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); see also McWilliams v. State of Colorado, 121 F.3d 573, 574 (11th Cir. 1997) (repetitious action may be dismissed as frivolous or malicious); Aziz v. Burrows, 976 F.2d 1158 (9th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitious litigation of virtually identical causes of action is subject to dismissal as malicious). Accordingly, the Complaint and this action will be dismissed as duplicative of No. CV 04-2661-PHX-JAT (JMM). Plaintiff's application to proceed *in forma pauperis* will be denied without prejudice.

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's Application to Proceed *In Forma Pauperis* is denied without prejudice.

---

[1] Effective February 7, 2005, the filing fee for a civil rights action increased from $150.00 to $250.00. See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005, Pub.L.No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004). Plaintiff's prior Complaint, was not subject to the increased fee because it was filed prior to the effective date of the increase.

1      (2) That the Complaint and this action are dismissed without prejudice and the Clerk of Court shall enter judgment accordingly.

     Dated this 13th day of October, 2005.

_____
David G. Campbell
United States District Judge